IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIC RAY SANDERS                                                                              PLAINTIFF
ADC #116169

V.                                    NO.  1:06CV00025 SWW/JWC

ROBERT BARNETT, et al                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II. Recommended Disposition

On May 23, 2006, Plaintiff, a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1) and a motion for appointment of counsel (docket entry #4). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (see docket entry #5). His motion for appointment of counsel was denied.

**A. Background**

According to Plaintiff's complaint, on March 6, 2006, at 9:31 p.m. he was served a major disciplinary that, according to the ADC Inmate Handbook and AR831 policy, had expired. The disciplinary was written on March 5, 2006, at 4:40 p.m.; however, the incident happened on February 26, 2006, at 10:30 p.m. Plaintiff claims that several officials were aware of the incident on the day it occurred. According to policy, unless an inmate's disciplinary is extended pursuant to AR831, it will expire within five days, excluding

weekends and holidays, from either the time and date of the incident or the discovery of the incident. Plaintiff was taken to a disciplinary hearing on March 8, 2006, and was found guilty of assault and battery even though he claims the disciplinary had expired and no extensions had been given. Plaintiff does not dispute that he and another inmate had been involved in an altercation. Plaintiff further claims that Defendant Cargill, the disciplinary hearing judge, falsified the times and dates on the F-831-2 and F-831-3 forms. Plaintiff contends he was arbitrarily punished (solitary confinement for thirty days) and because he suffers from a mental health condition, he endured several very serious anxiety attacks. Plaintiff further contends that Defendants' failure to follow policies set in AR831 and AR225 violated his Fourteenth Amendment rights.

Plaintiff requests restoration of his class, his TE date moved back to December 22, 2006, the major disciplinary expunged from his record, and that Defendant Barnett's rank be demoted, Defendant Cargill terminated, and Defendants Maples and Gibson made aware that inmates are not treated according to ADC policy. Plaintiff additionally requests $60,000 in damages.

After granting Plaintiff in forma pauperis status (docket entry #5), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. 28 U.S.C. § 1915A.

**B.	Standard**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A

federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

**C.   Analysis**

The edicts of § 1983 are clear and mandate the dismissal of Plaintiff's case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added). Plainly, § 1983 relief "is predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64

F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).  Therefore, the initial challenge in any § 1983 suit is "to isolate the precise constitutional violation" with which the defendant is accused.  Rogers v. City of Little Rock, 152 F.3d 790, 796 & 800 (8th Cir. 1998) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).

Although Plaintiff has filed a § 1983 civil rights action, he does not allege a federal constitutional violation against Defendants.  Plaintiff alleges that Defendants failed to follow internal ADC policies when they found him guilty of a major disciplinary that he claims had expired.  An internal ADC policy, however, does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim.  See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state officers follow state law); see also Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the due process clause does not federalize state-law procedural requirements); Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation).

Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks.  Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).  Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to an

independent constitutional violation; therefore, Defendants cannot be held liable under § 1983 and Plaintiff's claim against them must be dismissed.

Last, as to Plaintiff's request that Defendant Barnett's rank be demoted and Defendant Cargill terminated, the Court is without power to award this relief under the circumstances of this case and in light of the fact that no constitutional violation occurred.

### III. Conclusion

For the reasons explained herein, Plaintiff's case should be:

1. DISMISSED IN ITS ENTIRETY WITH PREJUDICE for FAILURE TO STATE A CLAIM.

2. All pending motions should be DENIED AS MOOT.

3. The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 2nd day of June, 2006.

UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.